UNITED STATES v. ONE HUNDRED AND NINETY-SIX MARES.    (RUST, Claimant.)

*(Circuit Court, W. D. Texas.  1886.)*

CUSTOMS DUTIES—MARES FOR BREEDING PURPOSES—INTENTION OF IMPORTER.
The statute of the United States providing that "animals specially imported for breeding purposes shall be admitted free, upon proof satisfactory to the secretary of the treasury, and under such regulations as he may prescribe," limits free importation of animals to such as are imported for the particular purpose of breeding; and it is a sufficient compliance with the statute that the importer, in good faith, intends them for that purpose, and it does not prevent his otherwise disposing of them if he afterwards finds it necessary or desirable to do so.

Libel of Information for the condemnation and sale of property for non-payment of customs duties.  The opinion states the case.

*Dist. Atty. Kleiberg*, for the United States.

*A. J. Evans*, for claimant.

TURNER, J.  In the month of April, 1886, the claimant in this cause went to the republic of Mexico, and made arrangements to export into the United States mares, horses, and mules.  He made application to import same, and claimed that the mares were desired for breeding purposes.  He procured his necessary papers, imported the animals, and, after some little time, information was conveyed to the custom officers that the said mares were really intended to be placed upon the market, and sold whenever a proper opportunity presented itself.  Whereupon, by direction of the custom officers, the mares were seized as forfeited to the United States because of the fraud practiced upon the customs by the claimant in pretending that he desired to import same for breeding purposes when in fact they were imported for the purpose of sale and profit.

The district attorney filed his libel of information with a view of having the said mares duly condemned, and sold as forfeited to the government for non-payment of duties.  Mr. Rust, the importer, filed his claim to the property, denying the fraud.  The mares, after seizure, were sold by the order of the court, and the proceeds are now in the hands of the register of the court awaiting judicial action.

The question raised, among others, is, what is the true interpretation of the statute upon the subject?  It reads as follows:

"Animals specially imported for breeding purposes, shall be admitted free upon proof thereof satisfactory to the secretary of the treasury, and under such regulations as he may prescribe."

It is contended by counsel that all animals of the sheep, horse, or bovine species, capable of procreation, are to be admitted free of duty under this law, and counsel for the government insists that they are only admitted free of duty when desired by the importer for breeding purposes.

It becomes my duty to construe this statute. It is a rule of universal application that, in construing statutes, effect shall be given to every word contained therein, if that can be done. The words "for breeding purposes," in the statute, must be held to be a limitation upon the right to introduce animals duty free, and is equivalent to declaring that that is the use to which the animals are to be put in order to be admitted under this statute. The law provides that satisfactory proof shall be made, as may be required by the secretary. How can a man who imports animals for sale in the market state or swear that they are wanted for breeding purposes? In the nature of things he could do neither, and yet the law, and the rules prescribed by the secretary, require it.

I recognize the force of the argument of counsel for the claimant, based upon the proposition that long acquiescence in the construction of a statute is pursuasive of its correctness. The rule, however, applies more strictly to judicial interpretation than upon those which may be called *quasi* judicial, as in this case; and the rulings of the different secretaries upon the question involved in this case show the wisdom of the provision in the law that, in cases of this character, the interpretation of the secretary shall not be the rule of action whenever a judicial interpretation shall be finally made giving a different interpretation.

A judicial determination of the proper construction of the statute now brought in question has not, as I am aware, ever been had. The rule contended for by counsel for claimant—viz., when there is an ambiguity in the statute, (and especially one in its nature *quasi* criminal,) it should be construed most favorably to the citizen—is recognized. The question, then, is, is there an ambiguity in this statute? It reads as in the words above stated? It will be noticed that in punctuating this clause but two punctuation marks are used, each a comma, one after the word "purposes," and one after the words "secretary of the treasury."

Counsel for claimant insists that the word "specially" qualifies the word "imported," and counsel for the government insists that it applies to and qualifies the words "for breeding purposes." What other word may be used instead of "specially," and perform the same office? The dictionary referred to defines "specially" as "particular." Can it be said that, when an importation is made, that the secretary of the treasury would require proof that it was a particular importation? I think not, as every importation is, as to that importation, a *particular* importation. On the other hand, if we apply the word as is claimed by counsel for the government, it would be consistent to say that the secretary should and could require proof of the fact that the animals were imported for the *particular* purpose of breeding. To my mind the above construction does away with any just charge or claim that there is in fact an ambiguity, either latent or patent, in the statute under consideration.

It is not claimed by the counsel for the claimant that the rulings of the secretary are of absolute binding force, but that they are persuasive. The case cited, where the secretary interpolated words into the statute, and then made his rulings thereon, was reversed by the supreme court, and most properly so.

The question presented here, however, is upon the very words of the statute as found in the statutes themselves, and it devolves upon the court to construe those words. If I had access to the debates in congress upon this subject, and could ascertain therefrom that the measure was one of public policy, then I would be prepared to give the most liberal construction to the words used, with a view to that end. On the other hand, if those debates showed the purpose was to confer a privilege to the individual man, I should be prepared to place a less liberal interpretation upon the words as used. If the object was to admit free of duty all females of the horse, sheep, and bovine species capable of propagating their species, we would conclude that they naturally would have said so, and would not have said "for the particular or special purpose of breeding," and would not have required proof to satisfy the secretary that they were for the particular purpose of breeding. Nor does this interpretation embrace the idea that a party importing for breeding purposes could never sell and dispose of such animals, but does imply that the intent and purpose of the importer was, at and before the importation, to use them for the purpose of breeding. I can well imagine how a man who in good faith imported animals for breeding could, under a change of circumstances, be justified in making sale of property thus situated. Suppose some unforeseen accident, misfortune, or other calamity overtook or beset him, or change in circumstances rendered it incompatible with his intention to devote them to breeding purposes, it could not be insisted that this changed condition of affairs could relate back to and affect the *bona fides* of his intention at the time he made the importation. No court would sanction such an unjust interpretation of the law.

For the reasons above given, which are more for the counsel than for the jury, I am constrained to put the case to the jury upon the question of *bona fide* intention on the part of the claimant at and before he made the importation.